**UNITED STATES of America**

v.

**Anthony Carl DELYEA, Defendant.**

**Crim. No. 88–24–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

March 24, 1989.

Deborah G. Fowler, Macon, Ga., for plaintiff.

Bruce J. Rosen, Madison, Wis., for defendant.

## ORDER

OWENS, Chief Judge.

On December 28, 1988, United States Magistrate Claude W. Hicks, Jr., issued an order on various pre-trial motions filed by defendant Anthony Carl Delyea. On January 13, 1989, defendant Delyea filed certain objections to the magistrate's order. Having read and considered defendant's objections in light of the magistrate's order and the relevant case law, this court now issues the following order.

The order issued by the magistrate carefully addressed defendant's motions, and the rulings made therein are consistent with the relevant statutes, the case law and the practices of this court. Thus, this court hereby ADOPTS the magistrate's order in its entirety and, as supplemented by the discussion below, makes that order the order of the court.

Pursuant to Rule 6(d) of the Federal Rules of Criminal Procedure, defendant Delyea has moved for the dismissal of count one of the indictment, the conspiracy count, arguing that the grand jury might have been improperly instructed on the elements of that count. Defendant bases his motion on an off-the-record conversation involving defendant's attorney and an assistant United States attorney. Using the alleged statements as a beginning point, defendant seeks to initiate an *in camera* investigation into the grand jury's indictment of defendant Delyea.

This court has examined the recent cases of *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), and *Bank of Nova Scotia v. United States*, 487 U.S. ——, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). In *Mechanik*, the Supreme Court considered the propriety of an appellate court's automatic reversal of a conviction due to a violation of Rule 6(d), such violation having been discovered during the course of the trial. In reversing the Court of Appeals, the Supreme Court held that "however diligent the defendant may have been in seeking to discover the basis for the claimed violation of Rule 6(d), the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation." *Mechanik*, 475 U.S. at 73, 106 S.Ct. at 943, 89 L.Ed.2d at 58. The Supreme Court expressed "no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision and is brought to the attention of the trial court before the commencement of trial." *Id.* at 72, 106 S.Ct. at 943, 89 L.Ed. 2d at 57–58.

In *Bank of Nova Scotia*, the Supreme Court considered the district court's dismissal of an indictment for numerous violations of Rule 6(d), such violations having been brought to the attention of the trial court prior to the commencement of trial.[1] The Supreme Court held that "a District Court may not dismiss an indictment for errors in grand jury proceedings unless

---

1. The indictment was initially dismissed for other reasons. Upon the government's appeal of that dismissal, the Court of Appeals granted a defense motion to remand the case for a hearing on whether prosecutorial misconduct and irregularities in the grand jury proceedings provided additional grounds for dismissal. The district court determined that such activities re-

**1318**

such errors prejudice the defendants." *Bank of Nova Scotia*, 487 U.S. at ——, 108 S.Ct. at 2373, 101 L.Ed.2d at 237. "[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.* at ——, 108 S.Ct. at 2374, 101 L.Ed.2d at 238, citing *Mechanik*, 475 U.S. at 78, 106 S.Ct. at 945, 89 L.Ed.2d at 61.

This court finds it unnecessary to reach the examination described in *Mechanik* and *Bank of Nova Scotia*. Defendant's sole basis for requesting the investigation of the grand jury proceedings is an off-the-record statement allegedly made by the assistant United States attorney. Such an allegation provides no basis for departing from the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, 1081 (1958) (footnote omitted). Counsel for the government and the defense constantly engage in ongoing discussions regarding the status of criminal cases. To permit an inquiry into the grand jury's proceedings based upon some statement made during the course of these discussions would either deter counsel from engaging in such discussions or justify an investigation when an ambiguous or questionable statement regarding the grand jury's proceedings is made. This court refuses to set such a precedent.

Based upon both the magistrate's order as adopted and the above discussion, defendant's motion to dismiss count one of the indictment is DENIED. As stated previously, the magistrate's order on the remainder of the defendant's pre-trial motions and requests is ADOPTED by this court in its entirety.

SO ORDERED.

quired dismissal. The Court of Appeals reversed.